JUSTICE LEAPHART,
dissenting.
¶33 I dissent on issues three and four. The Court concludes that the statutory mandate of § 45-8-32K1), MCA, that a permit to carry a concealed weapon “shall” be issued within 60 days of the application, is qualified by the discretionary authority to deny the permit under subsection (2), which has no time constraints. The practical effect of the Court’s ruling is to eliminate the 60-day mandatory requirement altogether. In light of this interpretation, a sheriff can take as long as he chooses to either issue or deny an application.
¶34 I seriously question the wisdom of a statutory scheme which requires that, if an application to carry a concealed weapon is not acted upon within 60 days, it must issue. That, however, is what the legislature provided in passing § 45-8-321, MCA. Under subsection (2), the sheriff clearly has the discretion to deny a permit if he determines that the applicant may pose a threat to the peace and good order of the community. Reading all parts of the statute as a whole, pursuant to Winchell v. DNR, 1999 MT 11, ¶ 20, 293 Mont. 89, ¶ 20, 972 P.2d 1132, ¶ 20, the sheriff’s discretion to deny must, however, be exercised within the 60-day period allotted in subsection (1). The Court purports to honor the rule that our duty is to “ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted.” Section 1-2-101, MCA. Contrary to its protestations, the Court has, in reality, “omit[ted] what has been inserted,” in other words, the requirement that the sheriff act on the application within the 60-day period.
*378 ¶35 I would reverse and hold that since the sheriff failed to act on the application within the 60-day period, he had a clear legal duty to issue the permit and that the District Court should have issued a writ of mandamus.